[No. 5115. Decided April 12, 1905.]

ANNIE L. SCHLUMPF, as *Administratrix of the Estate of Margaret Harmon, Deceased, Respondent,* v. CHARLES SASAKE, *Appellant.*[1]

LANDLORD AND TENANT—LEASE—CONSUMMATION—CONTRACTS—BREACH—AGREEMENT TO ENTER INTO LEASE—DEPOSIT AS STIPULATED DAMAGES. Where a party agreed to enter into a lease of premises for a term of years, and paid $300 "as a deposit to show good faith" that he would enter into the lease, but later refused to consummate the lease or accept the premises, such deposit is stipulated damages for the breach of his contract to enter into the lease, and there can be no recovery on the lease.

[1]Reported in 80 Pac. 457.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 13, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court, a jury being waived, in an action to recover damages for breach of contract. Reversed.

*Fred H. Peterson* and *John G. Gray,* for appellant, contended, among other things, that payment of rent is not sufficient to take an oral lease out of the operation of the statute of frauds. *Webster v. Blodgett,* 59 N. H. 120, 47 Am. Rep. 179; *Rosen v. Rose,* 34 N. Y. Supp. 467; *Nasonwitz v. Hanf,* 39 N. Y. Supp. 327; *Armstrong v. Kattenhorns,* 11 Ohio 265; *Townsend v. Sharp,* 2 Overton (Tenn.) 192; *Sherlock v. Van Asselt,* 34 Wash. 141, 75 Pac. 639; *Hoover v. Chambers,* 3 Wash. T. 26, 13 Pac. 547. The lease was never consummated. *Simon v. Bewick,* 52 Mich. 388, 18 N. W. 119; 18 Am. & Eng. Ency. Law (2d ed.), 607; *Laroussini v. Werlein,* 52 La. Ann. 424, 27 South. 89, 78 Am. St. 350; *Whitford v. Laidler,* 94 N. Y. 145, 46 Am. Rep. 131; *Hammond v. Winchester,* 82 Ala. 470, 2 South. 892; *Jordan v. Davis,* 108 Ill. 336; *Adams v. Boelger,* 36 N. Y. Supp. 801. The defendant was therefore not liable for the rent. *Flommerfelt v. Englander,* 61 N. Y. Supp. 187; *Wiessner v. Ayer,* 176 Mass. 425, 57 N. E. 672; *Gorsuch v. Rutledge,* 70 Md. 272, 17 Atl. 76; *Anderson v. Critcher,* 11 Gill & J. (Md.) 450, 37 Am. Dec. 72.

*Walter S. Fulton* and *Vince H. Faben,* for respondent, cited: 1 Taylor, Landlord & Ten., § 32; 18 Am. & Eng. Ency. Law (2d ed.), 597, 602, 604; Wood, Statute of Frauds, § 25; *Friske v. Ernst,* 62 N. Y. Supp. 429; *Pratt v. Railway Co.,* 21 N. Y. 308; *Sanders v. Pottlitzer Bros. Fruit Co.,* 144 N. Y. 209, 39 N. E. 75, 43 Am. St. 757, 29 L. R. A. 431; *People v. St. Nicholas Bank,* 38 N. Y.

Supp. 379; *Culton v. Gilchrist,* 92 Iowa 718, 61 N. W. 384; *Bonaparte v. Thayer,* 95 Md. 548, 52 Atl. 496; *Post v. Davis,* 7 Kan. App. 217, 52 Pac. 903.

MOUNT, C. J.—This action was brought to recover damages for the breach of a contract of lease. Plaintiff recovered judgment for $1,500 in the court below, and defendant appeals.

The cause was tried to the court without a jury. The undisputed facts are as follows: On January 12, 1903, appellant made an agreement with the agent of respondent to enter into a lease of certain premises in Seattle, for the period of three years, the term of the lease to commence March 1, 1903. Appellant paid to the agent of respondent $300, which was to be credited upon the lease when it should be made, for the first two months' rent, and received a receipt which embodied the terms of the agreement as follows:

"Seattle, Wash., Jan. 12, 1903.

"Received of Charles Sasake three hundred dollars ($300) as a deposit to show good faith that Sasake will enter into a lease for $150 per month for a term of three years, payable monthly, in advance, commencing March 1, 1903, and Sasake to furnish satisfactory bondsmen. Possession to be given March 1, 1903, unless prevented by court proceedings. Said premises are located at Second avenue and Main street, being the same location as U. S. Restaurant.     J. Schlumpf, Agt. Harmon Estate."

It was agreed, at the time this receipt was given, that Mr. Peterson, the agent and attorney of Mr. Sasake, should prepare the lease, and a few days thereafter the lease was prepared, and the respondent signed it and left it with Mr. Peterson, who promised the respondent that he would obtain satisfactory sureties for the payment of the rent as agreed. These sureties were not obtained, and sub-

sequently appellant refused to sign the lease. Respondent, on and prior to the 1st of March, 1903, caused the premises to be vacated by tenants than occupying the same, and tendered the keys and possession of the premises to the appellant, who refused to accept the premises, or to accept the lease. Thereafter this action was begun. The lower court was of the opinion, as expressed in the record, that, when respondent tendered the possession of the premises to the appellant without insisting upon sureties, sureties were thereby waived, and, since the lease was left in the possession of the agent of appellant, that it was consummated as far as respondent was concerned. The lower court was also of the opinion, that, if appellant had gone into possession of the premises, he could have enforced the lease against respondent; and, therefore, concluded that the contract of lease was consummated.

It is no doubt true that, if appellant had gone into possession of the premises, he could have enforced the lease against the respondent, and *vice versa;* because the act of taking possession would have been conclusive that he accepted the lease. But the proof shows conclusively—in fact, there is no dispute—that appellant refused to take possession of the premises, and refused to accept or sign the lease. So that it stands as an admitted fact in the case that appellant refused to enter into the lease. It is also true that, when respondent waived the sureties and offered possession of the premises to appellant, she thereby fully complied with all the conditions of the contract of January 12, 1903, as shown by the receipt which is copied above. But these facts do not show the consummation of the contract of lease. This contract of January 12, 1903, was, by its terms, a contract to enter into another contract later. The fact stands out boldly that appellant refused to enter into the contract of lease. He thereby vio-

lated the contract which he had already entered into, but not the one which he refused to make.

By the terms of the contract which he made on January 12, 1903, appellant deposited $300 as a guaranty of good faith that he would thereafter enter into another contract. This $300 was clearly stipulated damages, which was forfeited when appellant refused to make the lease. Being stipulated damages, that amount was the limit of recovery under the contract made and violated. Under the admitted facts in the case, the contract of lease was not made. Hence, there could be no violation of its terms, nor recovery upon it. It is, therefore, unnecessary to consider other questions presented.

The cause is reversed, with instructions to dismiss the action.

DUNBAR, FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.